IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES *ex rel.* GEORGE MAY, | § § § | |
| Plaintiffs, | § § | No. 3:13-cv-4194-N-BN |
| V. | § § | |
| THE CITY OF DALLAS, ET AL., | § § | **FILED UNDER SEAL** |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and an order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

On October 17, 2013, George May ("Relator"), appearing *pro se* and purportedly on behalf of the United States, filed this *qui tam* action against the City of Dallas and at least seven other Defendants. United States District Judge David C. Godbey has referred this case to the undersigned magistrate judge for pretrial management. *See* Dkt. No. 1.

In his complaint, Relator appears to allege that the City of Dallas and the City of Fort Worth did not fully compensate the previous owners of land upon which the Dallas-Fort Worth International Airport is located for the value of the landowners' mineral rights in the late 1960s and early 1970s. Relator contends that the airport

authority recently entered into a lease agreement with Chesapeake Energy, Inc. for the development of mineral reserves under the airport and that the development of these reserves contributes to "terrorist" activities by Iran and China.

The United States agreed to waive service upon the Attorney General and took under advisement whether to exercise its option to intervene in the case under 31 U.S.C. § 3730(b)(2). On August 22, 2014, the United States filed its Motion to Dismiss Relator May's Complaint [Dkt. No. 22], arguing that the allegations in Relator's complaint (1) do not establish a claim for payment on the United States as the False Claims Act ("FCA") requires; (2) appear to be based upon public disclosure; and (3) appear to be untimely. *See* Dkt. No. 23. The United States also seeks dismissal of the complaint based upon its discretion conferred under 31 U.S.C. § 3730(c)(2)(A). *See id.* Although permitted to do so, Relator has failed to file a response to the motion to dismiss. *See* Dkt. No. 24.

**Legal Standards**

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161

(5th Cir. 2001) (per curiam).

The Court must dismiss a complaint for lack of subject matter jurisdiction "'when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Fifth Circuit recognizes a distinction between a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *accord Ramming*, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). Regardless of the nature of the attack, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161. Where a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively facial, and the Court need look only to the sufficiency of the allegations of plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1989); *Paterson*, 644 F.2d at 523. On a factual attack, however, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the

burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523.

Under the False Claims Act, persons who submit fraudulent applications for payment to the United States are liable to the government in a civil action for treble damages. *See* 31 U.S.C. § 3729(a)(1). The *qui tam* provisions of the act empowers private individuals to file lawsuits on behalf of the United States seeking damages sustained by the government for the payment of false claims. *See id.* § 3730(b). A *qui tam* relator, before filing suit, must voluntarily provide the relevant information to the United States Attorney, Federal Bureau of Investigation, other suitable law enforcement office, or the agency or official responsible for the particular claim in question. *See U.S. ex rel. Reagan v. E. Tex. Med. Ctr. Regional Healthcare Sys.*, 384 F.3d 168, 175 (5th Cir. 2004). "[A]fter a relator has filed suit the action is sealed and stayed and the United States is notified." *Id.* at 172 n.4 (citing 31 U.S.C. § 3730(b)(2)).

The FCA provides that the government may dismiss a *qui tam* action "notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." 31 U.S.C. § 3730(c)(2)(A). The government is not required to intervene in the action before moving to dismiss under Section 3730(c)(2)(A). *See Ridenour v. Kaiser-Hill Co.*, 397 F.3d 925, 932 (10th Cir. 2005).

**Analysis**

Right to Dismissal by the United States Conveyed by Statute

Initially, the undersigned concludes that dismissal of Relator's complaint is required based on the discretion conferred by 31 U.S.C. § 3730(c)(2)(A). Under that provision, "[t]he Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." 31 U.S.C. § 3730(c)(2)(A).

The United States Court of Appeals for the Fifth Circuit has indicated that the United States retains a unilateral authority to seek dismissal in declined *qui tam* actions "notwithstanding the objections of the person." *Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 753 (5th Cir. 2001) (en banc). Although the Fifth Circuit has yet to establish a standard to be applied in evaluating a motion to dismiss under 31 U.S.C. § 3730(c)(2)(A), United States Court of Appeals for the D.C. Circuit has adopted a deferential standard, finding that the decision not to pursue a *qui tam* action is "unreviewable" and "generally committed to the government's absolute discretion." *Swift v. United States,* 318 F.3d 250, 251-52 (D.C. Cir. 2003) (holding that 31 U.S.C. § 3730(c)(2)(A) provides the government a virtually "unfettered right to dismiss [the] action."). The United States Court of Appeals for the Ninth Circuit, employing a slightly less deferential standard, has held that a *qui tam* action may be dismissed pursuant to 31 U.S.C. § 3730(c)(2)(A) if "the government offers reasons for dismissal that are rationally related to a legitimate government interest." *United States ex rel.*

*Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139, 1147 (9th Cir. 1998); *see also Ridenour*, 397 F.3d at 925 (the United States Court of Appeals for the Tenth Circuit adopts the *Sequoia* "rational relation" test).

Whether or not the United States is required to articulate reasons for its determination that dismissal under 31 U.S.C. § 3730(c)(2)(A) is warranted, the undersigned finds that dismissal under Section 3730(c)(2)(A) is required. The *Swift* court makes a compelling case that the United States should not be compelled to permit a relator to sue on its behalf and that the statutory language does not require – or even permit – judicial review of this discretionary decision. But, even if the Court were to apply the Ninth Circuit's "rational relation" standard, the United States has stated that (1) the allegations in Relator's complaint were based upon public filings and media reports; (2) Relator has an extensive history of bringing frivolous lawsuits; and (3) the claims raised appear to be time-barred. *See* Dkt. No. 23. That is, the United States has identified a valid governmental purpose – avoiding being a party to a meritless lawsuit – that is rationally related to dismissing the action. *See Ridenour*, 397 F.3d at 936. And Relator has failed to show that dismissal is "fraudulent, arbitrary and capricious, or illegal." *Id.*

Under 31 U.S.C. § 3730(c)(2)(A), a relator is entitled to "an opportunity for a hearing on the motion [to dismiss]." As the undersigned noted in affording Relator an opportunity to respond to the motion to dismiss, *see* Dkt. No. 24 at 1-2, the hearing requirement is satisfied by allowing the relator an opportunity to submit a response to the motion, *see, e.g.*, *United States ex rel. Nicholson v. Spigelman*, No. 10-C-3361,

2011 WL 2683161, at *3 (N.D. Ill. July 8, 2011); *United States ex rel Pentagen Techs. Int'l Ltd. v. United States,* No. 00-CIV-6167-DAB, 2001 WL 2683161, at *3 (S.D.N.Y. July 10, 2001). Although Plaintiff has not filed a response, he was permitted to do so. *See* Dkt. No. 24.

Accordingly, the Court may dismiss this *qui tam* action on the motion of the United States without a hearing. The Court should do so under 31 U.S.C. § 3730(c)(2)(A).

The Public Disclosure Bar

Under the FCA, a court lacks subject matter jurisdiction over a *qui tam* action based on allegations that have been publicly disclosed unless the relator is the original source of the disclosed information. *See* 31 U.S.C. § 3730(e)(4)(A)-(B); *accord U.S. ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 324 (5th Cir. 2011) ("The public disclosure bar of the False Claims Act ('FCA') deprives the district court of jurisdiction whenever qui tam relators bring a suit based on publically available information. "). The public disclosure bar provides that

> [t]he court shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed –
> 
> (i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;
> 
> (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or
> 
> (iii) from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A); *see also Jamison*, 649 F.3d at 327 (three-part test for determining public disclosure).

The complaint and materials provided by Relator here establish that his claims arise almost exclusively from information that is publicly available, including magazine articles regarding the purchase of lands for airport construction and the business dealings of defendants Chesapeake Energy, Inc. and Sinopec. There is no indication from Relator's complaint and exhibits that he is the original source of information upon which public disclosures have been made – and he has submitted nothing to indicate anything to the contrary in response to the motion to dismiss. Relator bears the burden to show that "the information and allegations [he] discovered were qualitatively different information than what had already been discovered and not merely the product and outgrowth of publicly disclosed information." *U.S. ex rel. Fried v. West Indep. Sch. Dist.*, 527 F.3d 439, 443 (5th Cir. 2008) (internal quotation marks omitted).

Accordingly, even if dismissal were not required on the government's motion under 31 U.S.C. § 3730(c)(2)(A), it appears that the Court lacks subject matter jurisdiction to consider Relator's *qui tam* claims.

## Recommendation

The United States's Motion to Dismiss Relator May's Complaint [Dkt. No. 22] should be granted, and this *qui tam* action should be dismissed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 25, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE